UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| PERRY MELVIN SEXTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| V. | ) | No. 3:11-CV-05 |
| | ) | (VARLAN/SHIRLEY) |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding disposition by the District Court of Plaintiff's Motion for Summary Judgment and Memorandum in Support [Docs. 13 and 14] and Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 17 and 18]. Plaintiff Perry Melvin Sexton seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the Defendant Michael J. Astrue, Commissioner of Social Security ("the Commissioner").

On January 18, 2008, the Plaintiff filed an application for a period of disability, disability insurance benefits, and/or supplemental security income, claiming a period of disability which began December 1, 2004. [Tr. 59, 98-100]. After his application was denied initially and also denied upon reconsideration, the Plaintiff requested a hearing. On August 18, 2009, a hearing was held before an ALJ to review determination of Plaintiff's claim. [Tr. 39-57]. On September 18, 2009, the ALJ found that the Plaintiff was not disabled. [Tr. 33].

The Appeals Council denied the Plaintiff's request for review; thus, the decision of the ALJ became the final decision of the Commissioner. The Plaintiff now seeks judicial review of the Commissioner's decision.

**I.     ALJ FINDINGS**

The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2009.

2. The claimant has not engaged in gainful activity since December 1, 2004, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. The claimant has the following impairments, the combination of which is severe: *degenerative disc disease of the lumbar spine, status post prior decompression, with post-lumbar laminectomy syndrome with persistent lumbago and radiculopathy; degenerative disc disease of the cervical spine with radiculitis; history of osteochondral defects and patellofemoral arthritis of the knees, status post left meniscectomy; history of migraine headaches; and mild left carpal tunnel syndrome* (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he could only stand and/or walk 2 hours out of an 8-hour workday, and he should avoid use of arms over shoulder level.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on December 18, 1961 and was 42 years old, which is defined as a younger individual age 18-49, on the

2

alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of jobs skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from December 1, 2004 through the date of this decision (20 CFR 404.1520(g)).

[Tr. 25-33 (emphasis in the original)].

## II. DISABILITY ELIGIBILITY

To qualify for SSI benefits, plaintiff must file an application and be an "eligible individual" as defined in the Act. 42 U.S.C. § 1382(a); 20 C.F.R. § 416.202. An individual is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. See 42 U.S.C. § 1382(a).

"Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work

3

experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. § 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). Plaintiff bears the burden of proof at the first four steps. Walters, 127 F.3d at 529. The burden shifts to the Commissioner at step five. Id. At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).

## III.     STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 405 (6th Cir. 2009) (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)). If the ALJ applied the correct legal standards and his findings are supported by substantial evidence in the record, his decision is conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007) (quotation omitted); see also Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison v. NLRB, 305 U.S. 197, 229 (1938)).

It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001) (quoting Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." Walters, 127 F.3d at 528.

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was

5

reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner. See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004). The Court may, however, decline to reverse and remand the Commissioner's determination if it finds that the ALJ's procedural errors were harmless.

An ALJ's violation of the Social Security Administration's procedural rules is harmless and will not result in reversible error "absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the [ALJ]'s procedural lapses." Wilson, 378 F.3d at 546-47. Thus, an ALJ's procedural error is harmless if his ultimate decision was supported by substantial evidence *and* the error did not deprive the claimant of an important benefit or safeguard. See id. at 547.

On review, Plaintiff bears the burden of proving his entitlement to benefits. Boyes v. Sec'y. of Health & Human Servs., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

## IV.  POSITIONS OF THE PARTIES

The Plaintiff argues that the ALJ erred in the weight he afforded to the findings contained in a "Treating Relationship Inquiry," completed by Lisa Deed, N.P. [Doc. 14 at 6]. The Plaintiff maintains that the ALJ did not comply with Social Security Ruling 06-03p, and on this basis the Plaintiff maintains that the ALJ's decision and disability finding are not supported by substantial evidence. [Doc. 14 at 6, 9].

The Commissioner responds that the Plaintiff has not met his burden of establishing that he was disabled before September 30, 2009, his date last insured. [Doc. 18 at 4]. The

Commissioner maintains that the ALJ considered Ms. Deeds's assessment, properly declined to afford it any weight, and explained this decision in accordance with applicable regulations. [Doc. 18 at 5].

V.    ANALYSIS

Pursuant to the Social Security regulations, licensed physicians, licensed podiatrists, licensed psychologists, licensed optometrists, and qualified speech pathologists are considered "acceptable medical sources." 20 C.F.R. § 404.1513(a). Nurse practitioners, physicians' assistants, naturopaths, chiropractors, audiologists, and therapists are considered "other sources." 20 C.F.R. § 404.1513(d)(1).

Social Security Ruling 03-06p explains how the Commissioner and the ALJ are to weigh the evidence from acceptable medical sources and other sources. In reference to other sources, it explains:

> Information from these "other sources" cannot establish the existence of a medically determinable impairment. Instead, there must be evidence from an "acceptable medical source" for this purpose. However, information from such "other sources" may be based on special knowledge of the individual and may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function.
>
> . . . .
>
> With the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not "acceptable medical sources," such as nurse practitioners, physician assistants, and licensed clinical social workers, have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists. Opinions from these medical sources, who are not technically deemed "acceptable medical sources" under our rules, are important and should be evaluated on key issues such as

7

impairment severity and functional effects, along with the other relevant evidence in the file.

SSR 06-03p, 2006 WL 2329939, at *3 to *4.

In this case, Ms. Deeds, the Plaintiff's treating nurse practitioner, completed a form entitled "Treating Relationship Inquiry," on April 7, 2008. Therein, Ms. Deeds opined that the Plaintiff suffered from severe degenerative arthritis of both knees and the spine. When asked if the Plaintiff could be reliable working a forty-hour workweek, Ms. Deeds responded that he could not. She estimated that the Plaintiff could sit for only one hour in an eight-hour workday and could not stand or walk at all during a workday. [Tr. 251].

Ms. Deeds opined that the Plaintiff could only occasionally lift one to five pounds, and could never stoop, squat, kneel, climb stairs, crawl, or walk on uneven surfaces. [Tr. 252]. When asked if the Plaintiff would require daily bed rest, she responded that he would. [Tr. 252]. She indicated that the Plaintiff's pain was severe and that it would affect the Plaintiff's ability to sleep. [Tr. 253]. She also opined that the Plaintiff would need frequent breaks. [Tr. 253]. In support of these assessments she cited "MRI's". [Tr. 254]. She also stated that the Plaintiff suffered from "episodic depression." [Tr. 254].

On April 18, 2008, Ms. Deeds composed a letter stating that the Plaintiff's "mobility is significantly limited" and noting that he required a cane. She stated, "I don't believe he's physically able to do any work at this point in time, and I don't anticipate things improving much in the near future." [Tr. 250].

The ALJ reviewed the Plaintiff's medical history and acknowledged Ms. Deeds as a treating provider. [Tr. 27]. In regards to Ms. Deeds's mental health findings, the ALJ found that the "episodic depression," described by Ms. Deeds, was not a medically-determinable

8

impairment. [Tr. 28]. In support of this finding, the ALJ explained that there was no medical evidence from an acceptable medical source establishing this condition as a medically-determinable impairment. [Tr. 28]. The Court finds that this holding is consistent with SSR 06-03p, which states that information from other medical sources "cannot establish the existence of a medically determinable impairment."

In his brief, the Plaintiff focuses upon the lack of weight afforded to the physical limitations found by Ms. Deeds in the Treating Relationship Inquiry. [Doc. 14 at 6-7]. In determining the weight to be afforded to the physical limitations found by Ms. Deeds, the ALJ explained:

> The undersigned has considered the Treating Relationship Inquiry completed by Lisa Deeds, N.P. (Exhibit 6F), who is not an "acceptable medical source." In so doing, the undersigned has taken into account the nature and extent of her relationship with the claimant, her qualifications and education, her areas of specialty and expertise, and whether her testimony and assessment is consistent with the other evidence (Social Security Ruling 06-03p). Ms. Deeds' [sic] treating relationship with the claimant since only August 2007 is relatively short given the 2004 alleged onset date (Exhibit 9F, p. 2). Further, Ms. Deeds' [sic] assessment that the claimant could only sit for one hour out of an 8-hour day, and *never* stand and/or walk (*Id.* at 2) is overly-restrictive and inconsistent with the preponderance of the other substantial evidence of record. In fact, as discussed above, given her admitted "surprise" regarding the lack of more degenerative disease found pursuant to objective testing, her assessment is patently inconsistent with her own findings. Moreover, her April 18, 2008 opinion that the claimant is not "physically able to do *any* work" (*Id.* at 1, emphasis added) is not a medical opinion, but rather an administrative finding dispositive of a case, which requires familiarity with the Regulations and legal standards set forth therein. Such issues are reserved for the Commissioner, who cannot abdicate his statutory responsibility to determine the ultimate issue of disability. Opinions on issues reserved to the Commissioner can never be entitled to controlling weight, but must be carefully considered to determine the extent to which they are supported by the record as a whole or contradicted by persuasive

9

> evidence (20 CFR 404.1527(d)(2) and 416.927(d)(2); SSR 96-5p).
> As Ms. Deeds' [sic] opinion is not supported by the record as a
> whole and is clearly contradicted by the clinical findings of another
> examining physician, Dr. Misra, the undersigned declines to
> accord it any weight.

[Tr. 31].

The Plaintiff argues that the ALJ did not engage in the analysis required by Social Security Ruling 06-03p. [Doc. 14 at 8]. The Plaintiff argues that "[t]he only analysis the ALJ made was that he did not think a two year treating relationship would suffice to allow Deeds' [sic] to give her opinion." [Doc. 14 at 8]. The Plaintiff also submits that, "after the hearing new evidence was submitted that vindicates [Deeds's] original assessment." The Plaintiff also cites the Court to Arroyo v. Barnhart, 295 F. Supp. 2d 214 (D. Mass. 2003), wherein the district court found that the ALJ had not provided a sufficient justification for discounting the findings of a nurse practitioner, id. at 222.

In Arroyo v. Barnhart, the ALJ found that, as a nurse, the nurse practitioner was not an acceptable medical source and that her opinions were also "inapposite to the longitudinal history." 295 F. Supp. 2d at 221. The ALJ in the instant case went far beyond the explanation provided in Arroyo, by noting at least five statutory considerations that weighed against affording the opinion weight. Moreover, the Court would note that the holding of the district court in Arroyo is not binding upon this Court. The Court finds that the ALJ did not err in discussing why he discounted Ms. Deeds's findings.

The Court finds that the ALJ thoroughly discussed his reasons for affording Ms. Deeds's opinion little weight. Consistent with statutory guidelines, he discussed: Ms. Deeds's status as an "other source," 20 C.F.R. § 404.1513(d)(1); the Plaintiff's relatively short treatment history with Ms. Deeds, see 20 C.F.R. § 404.1527(d)(2)(i) (discussing length as it applies to a treating

10

physician relationship, but nonetheless, instructive in this analysis); the opinion's inconsistency with other evidence in the record, see 20 C.F.R. § 404.1527(d)(3)-(4); and the opinion's infringement upon issues reserved for the Commissioner, see 20 C.F.R. § 404.1527(e).

The ALJ adequately covered and summarized the "other medical evidence" in the record. [Tr. 26-31]. The Court finds substantial evidence in support of the ALJ's finding that Ms. Deeds's opinions are both unsupported by, and inconsistent with, the other evidence in the record. The ALJ primarily focused on the inconsistency with Eva Misra, M.D., [Tr. 27, 30-31], and this Court agrees with that analysis. In addition, the Court has received the other medical records including, but not limited to those of Mark Turner, M.D., and Turney Williams, M.D., which are Exhibits 7F and 8F, along with their histories, examinations, and findings. The Court finds these support the ALJ.

Finally, the residual functional capacity determination by James Millis, M.D., which is Exhibit 5F, is likewise inconsistent with Ms. Deeds's findings, but it is consistent with the other medical evidence and the ALJ's residual functional capacity determination and findings.

Turning to the Plaintiff's allegation that new evidence "vindicates" Ms. Deeds's findings, the Court finds that the ALJ did not err in this respect either. The MRI results to which the Plaintiff has cited the Court appear to be the very results reviewed by Ms. Deeds and cited by the ALJ. [Tr. 283]. The Commissioner argued the same in his brief [Doc. 18 at 8, n. 2], and the Plaintiff did not dispute this point with a reply.

In notes dated May 5, 2008, Ms. Deeds discussed an MRI performed recently at the Veterans Administration hospital. The new evidence cited by the Plaintiff is an MRI performed April 16, 2008, [Tr. 485-86], at the Mountain Home Veterans Administration Medical Center, [see Tr. 397]. Ms. Deeds specifically discussed the single disc bulge at C5-C6, [Tr. 283], as

11

found in the April 2008 MRI, [Tr. 485 (finding "[d]iffuse disc bulge is seen at C5-6 level slightly more accentuated on the left than right")]. The Court finds that the MRI evidence cited by the Plaintiff was not new evidence.

The Plaintiff also cites the Court to a myelogram performed January 28, 2010. The Plaintiff has not stated that he seeks a sentence six remand with regard to this evidence, but to the extent the Plaintiff's brief citation to the myelogram could liberally be interpreted as a request for a remand pursuant to sentence six of 42 U.S.C. § 405(g), the Court finds that this request is not well-taken. A court cannot remand a case for consideration of evidence that is presented after the ALJ's decision unless the plaintiff satisfies the requirements for remand set forth in 42 U.S.C. § 405(g). See Cotton v. Sullivan, 2 F3d 692, 695 (6th Cir. 1993). As the Court of Appeals for the Sixth Circuit has noted, a plaintiff attempting to obtain a remand to consider new evidence pursuant to 42 U.S.C. § 405(g), "must show that the evidence is new, that it is material, and that there is good cause for the failure to incorporate it into the record at the administrative level." Id. The Plaintiff in this case has failed to demonstrate any of these criteria for remand.

The Court has considered the Plaintiff's sole allegation of error that the ALJ did not properly consider the opinion of Ms. Deeds. The Court finds that this allegation of error is not well-taken. Further, the Court has considered the Plaintiff's contention that new evidence undermines the ALJ's determination. The Court finds that this argument is not well-taken.

The Court has reviewed the evidence in the record and the Court finds that the ALJ's determination that the Plaintiff was capable of performing a reduced range of light work and was not disabled from December 1, 2004, through the date of the ALJ's decision is supported by substantial evidence, including the treatment notes, findings, and opinions of Mark Turner, M.D.,

[Tr. 178-89], of Ann Marie Mackway-Giradi, D.O., Ph.D., [Tr. 204-213, 222-25], and of Eva Misra, M.D. [Tr. 238-41].

VI.    CONCLUSION

Accordingly, the Court finds that the ALJ properly reviewed and weighed the evidence to determine Plaintiff is capable of performing a restricted range of light work.  Substantial evidence supports the ALJ's findings and conclusions.  Therefore, it is hereby **RECOMMENDED**[1] that Plaintiff's Motion For Summary Judgment **[Doc. 13]** be **DENIED** and that the Commissioner's Motion for Summary Judgment **[Doc. 17]** be **GRANTED**.

Respectfully submitted,

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).